Citation Nr: 1607905 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 09-07 443 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a low back disorder, to include radiculopathy of the left and right lower extremities.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Steven D. Najarian, Associate Counsel






INTRODUCTION

The Veteran served on active duty from January 1974 to December 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois.

By an order of August 2015, the Board reopened the Veteran's claim based on the receipt of new and material evidence and remanded the claim for further evidentiary development.

The scope of a disability claim should be construed by the Board as including any disability reasonably encompassed by the claimant's description of the claim, reported symptoms, and other information of record. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). The Veteran has filed a claim relating to a "lower back condition." See Veteran's claim of April 2006. He has been diagnosed with degenerative arthritis of the spine as well as radiculopathy of the left and right lower extremities. See report of December 2015 VA examination. In light of Clemons and the fact that the Veteran has been diagnosed with neurological impairment associated with his low back condition, the Board has characterized the Veteran's service connection claim for a low back disorder as including radiculopathy of the left and right lower extremities.

The Board has reviewed the record maintained in the Veteran's Virtual VA paperless claims processing system folder. This appeal was processed using the Veterans Benefits Management System (VBMS). Any future consideration of the Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

A remand by the Board confers on an appellant, as a matter of law, the right to compliance with the remand order. See Stegall v. West, 11 Vet. App. 268 (1998). If the Board proceeds with final disposition of an appeal, and the remand order has not been complied with, the Board errs in failing to ensure compliance. Id. at 271. For the reasons discussed below, this matter must be remanded.

By its August 2015 order, the Board directed that a VA examiner review the Veteran's claims file, examine the Veteran's currently diagnosed condition, and provide a nexus opinion supported by a thorough explanation. See Board remand of August 2015.

The Veteran underwent a VA medical examination for his back in December 2015. The report of the examination indicates that the examiner did not review the Veteran's VA claims file. The examiner also failed to provide a rationale for his expert opinion that the Veteran's low back condition was less likely than not incurred in, or caused by, an in-service injury or illness. Because the VA claims folder was not reviewed, and no explanation was given in support of the examiner's nexus opinion, the Board's remand instructions were not followed, and a remand is required. See Stegall, supra.

The Board also notes that a VA medical examination or opinion must be adequate. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Therefore an examination report generally must contain clear conclusions, supporting data, and a medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). A VA examination may be considered inadequate if the claimant's competent lay statements as to the onset and history of the disability have not been considered. Although the December 2012 examiner noted that the Veteran has a "long history of low back pain dating back to military service," the lack of access to the Veteran's claims folder prevented the examiner from considering, for example, record statements of the Veteran contained in a filing of September 1999, the transcript of the May 2000 hearing held at the regional office, and the VA Form 9 of March 2009.

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records and associate them with the claims file.

2. Refer the case to an appropriate VA medical examiner for a supplemental opinion. If the reviewing examiner indicates that an opinion cannot be provided without examining the Veteran, an examination should be scheduled.

The examiner should prepare a report with an opinion as to the nature and etiology of the Veteran's back disability and associated radiculopathy, and specifically whether it is at least as likely as not (at least a 50 percent probability) that his back disability and/or radiculopathy of the left and right lower extremities are related to his period of military service.

The examiner should also provide an opinion as to whether it is at least as not (at least a 50 percent probability) that the Veteran's degenerative arthritis of the spine manifested to a compensable degree in service or within the first-post service year, or is otherwise etiologically related to service.

The term "at least as likely as not" does not mean within the realm of medical possibility but rather that the weight of evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

The examiner must review the Veteran's VA claims folder, including the Veteran's account of the onset and history of his experienced symptoms and specifically set out in the report that such review has been accomplished. The examiner must also provide a clear rationale for all findings and opinions, with a discussion of the facts and medical principles involved.

3. When the development has been completed, readjudicate the claim. If the benefit sought is not granted, furnish the Veteran and his representative with a supplemental statement of the case and a reasonable opportunity to respond before returning the record to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).